IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGELO CARTER, | : | Civil No. 3:11-CV-1669 |
| Plaintiff | : | (Judge Kosik) |
| v. | : | |
| UNITED STATES OF AMERICA, | : | FILED SCRANTON |
| Defendant. | : | MAR 1 9 2013 |

PER _____ *M.B.C.*
DEPUTY CLERK

**MEMORANDUM**

I. **INTRODUCTION**

On June 11, 2012, this Court entered an order in the above-captioned case granting summary judgment in favor of the United States of America ("Defendant") on the plaintiff's claim brought pursuant to the Federal Tort Claims Act based upon an alleged incident of food poisoning that occurred at the Federal Correctional Institution Allenwood ("FCI Allenwood") in July 2010. (Doc. 26.) Judgment was also entered for Defendant on June 11, 2012. (Doc. 27.)

On June 22, 2012, the plaintiff timely moved to alter or amend that judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. 28.) The defendant filed a brief opposing the motion on June 29, 2012. (Doc. 29.) The motion is ripe for disposition and, for the following reasons, the motion will be granted and the court's order granting summary judgment in the defendant's favor will be vacated.

## II. BACKGROUND

Plaintiff Angelo Carter ("Carter"), a federal inmate confined at FCI Allenwood in White Deer, Pennsylvania, initiated the above-captioned action pro se by filing a complaint asserting a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 et seq. (Doc. 1.) He seeks monetary damages based upon his claim that the Bureau of Prisons negligently served him spoiled food at the lunch meal on July 21, 2010, at FCI Allenwood, which he alleges resulted in food poisoning.

Defendant filed a motion urging the Court to dismiss the complaint, or in the alternative, to grant summary judgment in Defendant's favor. (Doc. 15.) In support of Defendant's argument in favor of dismissal, Defendant maintained that Carter's allegations regarding the food poisoning he allegedly suffered were insufficient to satisfy the requirements of the FTCA. The Court found otherwise, reasoning that Carter's allegations that he became "violently ill" and "suffered food poisoning resulting in gastritis, gastroduodenitis, and gastroenteritis," and that he was confined to bed "for not-less-than three (3) days," (Doc. 1 ¶¶ 8-10), were sufficient to state a claim for tort relief under this federal statute. (Doc. 25, at 4.)

However, when examining the record under the more exacting standards applied to motions for summary judgment, the Court concluded that Carter had failed to demonstrate a disputed issue of fact existed with respect to his negligence claim.

2

As a threshold matter, the Court found that Carter had neglected to follow Local Rule 56.1 and the Court's own order from March 13, 2012, directing Carter to file a brief in opposition to the motion, and to include a responsive counterstatement of material facts. Although we recognized that Carter was proceeding pro se in this litigation, we noted that he had failed to adhere to the Local Rules, the Court's own order, and he had failed to file a counterstatement that was responsive to Defendant's statement of facts, and otherwise did not include references to evidence in the record to support his factual assertions. Accordingly, we deemed the facts set forth in Defendant's statement (Doc. 17) to be admitted. (Doc. 25, at 9.)

Those facts found to be admitted included that on July 21, 2010, multiple inmates at FCI Allenwood made complaints of stomach pain, diarrhea, and vomiting. (Doc. 17, Defs' SMF ¶ 1; Doc. 16-1, Ex. 1, DeWald Decl., ¶ 4.) Due to the number of inmates voicing complaints, Health Services staff triaged all inmates in their housing units and work areas and completed a screening form for each inmate for possible food-borne illness. (Doc. 17 ¶ 2.) Although Carter's vital signs during this triage were found to be largely normal, he complained about having diarrhea, nausea, vomiting and abdominal pain. (Id. ¶¶ 4-8.)

The facts also showed that on July 23, 2010, Carter reported to sick call triage with complaints of continued diarrhea, nausea, and vomiting. Although his blood

pressure remained unchanged, Carter had a low-grade fever of 99.9 degrees, and was administered one liter of Ringers lactate intravenously, and was prescribed Ciprofloxacin and Metronidazole for his gastritis and gastroduodenitis condition. (Id. ¶¶ 9-13.)

Because multiple inmates experienced stomach ailments on July 21, 2010, Health Services sent multiple fecal specimens to an outside laboratory for testing, although it appears that Carter was unable to provide a stool sample. Results from the testing failed to identify the cause of the stomach/gastritis issues that affected multiple inmates. (Id. ¶¶ 16-17; Doc. 16-1 at 3 ¶ 8.) The Food Services Department also took numerous precautions, including sanitizing the entire kitchen and food preparation areas. (Doc. 17 ¶ 18; Doc. 16-1 at 3 ¶ 8.) According to Defendant, the information obtained by Health Services in evaluating the inmates, and the steps taken by Food Services indicated that the source of the illness was not the food products served during the lunch meal on July 21, 2010. (Doc. 17 ¶ 20; Doc. 16-1 at 3 ¶ 8.)

Based on the facts that were deemed admitted, we found that the record was devoid of evidence to support Carter's claim that the Bureau of Prisons breached its duty to him by serving him spoiled or rotten food on July 21, 2010. Likewise, we found that Carter failed to come forward with evidence to show that the symptoms Carter claims to have experienced between July 21, 2010, and July 23, 2010, were

caused by negligent conduct on the part of prison staff. In this regard, we noted that Carter had not identified any other evidence to demonstrate that some conduct on the part of prison staff was a "factual cause" in bringing about his symptoms.[1]

In our ruling, we observed that Carter had submitted an affidavit in which he averred that, during his Health Services evaluation on July 23, 2010, the nurse who treated him, Certified Nurse Practitioner Cost ("CRNP Cost"), informed him that he and other inmates had incurred food poisoning from something that had been served at the lunch meal on July 21, 2010. (Doc. 19-1, Pl. Aff. ¶¶ 9-10.) Carter also attested that CRNP Cost informed him that FCI Allenwood staff had ordered the disposal of all leftover food from the July 21, 2010 lunch meal, and a complete cleaning,

---

[1] Carter brought this action brought pursuant to the FTCA. The FTCA governs all claims "against the United States for money damages or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 2675(a). Under the FTCA, "[t]he United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances . . . ." 28 U.S.C. § 2674. In considering an FTCA action, a federal district court must apply the law of the state in which the alleged tortious conduct occurred. Id. Under Pennsylvania law, in order to establish a claim for negligence, a plaintiff must prove each of the following elements: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages. Northwest Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 139 (3d Cir. 2005). A plaintiff must show that the defendant's negligence was the proximate cause of his injury, which is defined as causation which was a factual cause in bringing about the injury. Gorman v. Costello, 929 A.2d 1208, 1213 (Pa. Super. Ct. 2007).

sanitation, and disinfecting of the work and food services areas in the mess hall. (Id. ¶ 16.)

In its reply brief, Defendant argued that Carter should not be permitted to rely upon CRNP Cost's statements as evidence that Carter's symptoms were caused by spoiled food because the statements constituted hearsay and therefore were not competent to create a material factual dispute sufficient to defeat Defendant's motion. (Doc. 23, at 5.) We agreed, and found that Carter's reliance upon CRNP Cost's statements was insufficient to create a genuine issue of fact to survive summary judgment. In reaching this conclusion, we relied on decisions holding that a plaintiff cannot rely on inadmissible hearsay evidence to successfully oppose a motion for summary judgment, and we observed that where a hearsay objection is raised in the context of a motion for summary judgment, a party must respond by demonstrating that the evidence would be admissible at trial under an exception to the hearsay rule, or that the material is not hearsay. (Doc. 25, at 14-15.)

Against this standard, we found Carter's sur-reply brief (Doc. 24) to be unavailing, because it only addressed the medical records he had submitted – which we agreed constituted business records, and were hence an exception to the rule against hearsay as set forth in Federal Rule of Civil Procedure 803(6). (Doc. 25, at 16.) However, Carter had failed to address Defendant's central hearsay objection,

which was directed not to the content of Carter's medical records, but instead went to the inclusion of a statement allegedly made by CRNP Cost that was not contained in Carter's medical records, but which was included in Carter's affidavit: namely, that Carter's symptoms were caused by food poisoning, and that prison officials later decontaminated the food preparation and service areas.

As to this out-of-court statement, we found that it fell within Federal Rule 801(c)'s definition of hearsay as a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement. Fed. R. Civ. P. 801(c). We found that "CRNP Costs's statement falls into this category inasmuch as she allegedly made the statement during her encounter with Carter on July 23, 2010, and Carter seeks to offer it to prove that his symptoms were caused by food poisoning." (Doc. 25, at 17.) Because we found that Carter had failed to demonstrate either that CRNP Cost's statements did not constitute hearsay, or that they would be admissible at trial under an exception to the hearsay rule, we ruled that Carter could not rely on the statement as set forth in his affidavit in order to oppose the motion for summary judgment. (Doc. 25, at 16.)

Following entry of our ruling, Carter filed the motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure that is

currently pending before the Court. In the motion, Carter argues that the Court erred by ruling that CRNP Cost's out-of-court statement constituted hearsay. He urges the Court to reconsider its prior ruling, contending that CRNP Cost was acting as an agent of Defendant when she informed him that he was suffering from food poisoning as a result of food he was served at the prison on July 21, 2010. As Defendant's agent, Carter argues that CRNP Cost's statement is not hearsay, as it is expressly defined as not hearsay within Rule 801 of the Federal Rules of Evidence. See Fed. R. Evid. 801(d)(2)(D) (defining a statement offered against an opposing party that was made by the party's agent or employee on a matter within the scope of that relationship while it existed as a statement that is not hearsay). Carter thus maintains that CRNP Cost was acting as Defendant's agent when she made the statements on which he relies, and that CRNP Cost's statements were made within the scope of her agency.

Defendant opposes the motion to alter or amend the judgment, but essentially ignores the substance of Carter's argument. Instead of addressing Carter's assertion regarding the non-hearsay nature of CRNP Cost's statements, Defendant contends that Carter has not satisfied the standards necessary for the Court to reconsider its ruling.

Upon consideration, we find that Carter has timely and persuasively shown that CRNP Cost's alleged statements to him were not hearsay, as they come within Rule 801(d)(2)(D)'s definition of a statement of a party's agent that does not constitute

hearsay. We also find that the statements, limited though they may be, are sufficient to create a disputed issue of fact with respect to Carter's claim of negligence based upon an allegation that Carter suffered food poisoning after being served contaminated food at the lunch meal at FCI Allenwood on July 21, 2010.

## III. DISCUSSION

Carter brings his motion to alter or amend the judgment in this case pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The purpose of a motion for reconsideration brought under Rule 59(e) is to "correct manifest errors of law or fact or to present newly discovered evidence." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). To prevail on a Rule 59(e) motion, the moving party must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. Lazaridis, 591 F.3d at 679 (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). In this case, Carter argues that the Court's entry of summary judgment in favor of the United States rested on a finding that there was no evidence in the record sufficient to create a disputed issue of material fact with respect to Carter's claim that he suffered food poisoning as the result of food served at the prison on July 21, 2010. Specifically, Carter argues that the Court's finding that

CRNP Cost's out-of-court statements to him to the effect that he had suffered food poisoning, and that the prison had sanitized the food preparation and service areas at the prison following the incident, should have been considered as non-hearsay statements admissible under Rule 801(d)(2)(D) of the Federal Rules of Civil Procedure.

Carter argues further that if the statements had been considered properly as non-hearsay statements made by a party's agent, they would have been sufficient to carry Carter's burden of identifying evidence to support his tort claim, and to create a disputed issue of material fact sufficient to withstand summary judgment. Upon careful consideration, and mindful that Carter did not precisely identify this justification for the admission of the statements in his original briefs opposing summary judgment, we agree that these alleged statements could have been properly considered at summary judgment, and if they had been they would have carried Carter's burden of identifying evidence in the record to create a disputed issue of fact on Carter's substantive claim.

As noted above, when Defendant argued that Carter was attempting to rely on inadmissible hearsay evidence to create a disputed issue of fact in response to a motion for summary judgment, Carter bore the burden of demonstrating that the evidence was either admissible under a recognized exception to the rule against

hearsay, or otherwise to show that the evidence was not, in fact, hearsay. We did not find that Carter had adequately done so in his initial briefs, but he has now clarified his position that CRNP Cost's statements were not hearsay, as they were made by Defendant's agent about a matter within the scope of her agency or employment.

Rule 801(d)(2)(D) of the Federal Rules of Civil Procedure provides as follows: "A statement is not hearsay if . . . [t]he statement is offered against a party and is . . . a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." Fed. R. Evid. 801(d)(2)(D).

As the party seeking to have CRNP Cost's alleged out-of-court statement considered, Carter has the burden to demonstrate that CRNP Cost made the alleged statements within the scope of her agency relationship with the Bureau of Prisons. Lippay v. Christos, 996 F.2d 1490, 1497 (3d Cir. 1993). It is clear from Carter's motion for reconsideration that he is submitting that CRNP Cost was Defendant's agent, that she spoke to him about a matter within the scope of her agency – namely, Carter's medical condition and its cause – made at a time when she was serving as a nurse at the prison. The record before the Court supports these assertions, and we find satisfies Carter's obligation to demonstrate that Rule 801(d)(2)(D) applies to CRNP's statement.

Defendant does not argue that Carter fails to satisfy these requirements of Rule 801(d)(2)(D); instead, Defendant argues only that the statements of CRNP Cost were properly excluded from consideration on summary judgment because they were brought to the Court through Carter's own affidavit, which Defendant maintains was itself inadmissible hearsay.

We disagree that CRNP Cost's alleged statement can be excluded on this basis, as it is somewhat difficult to perceive how an out-of-court statement made by a party's agent could be introduced at the summary judgment stage of litigation if it could not be referred to in the non-moving party's affidavit. It is, of course, common for courts to consider affidavits offered in opposition to motions for summary judgment, and Rule 56 of the Federal Rules of Civil Procedure governing summary judgment practice expressly provides for the consideration of such evidence offered by the non-moving party. See Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to . . . oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."). Defendant has not provided any legal support for its position that CRNP Cost's statement must be excluded on the ground that Carter's affidavit is itself inadmissible hearsay, and Defendant has not opposed Carter's assertions regarding the nature of CRNP Cost's statements made in her

capacity as Defendant's agent.

Moreover, Defendant's objection to Carter's affidavit as itself being hearsay is unpersuasive, in particular because the plaintiff could reasonably be expected to testify to the representations that he set forth in his affidavit. Even if Carter's affidavit could be construed to constitute hearsay, it would nonetheless be properly considered at the summary judgment stage since Carter's in-court testimony attesting to the same facts at trial would, of course, be admissible. In the Third Circuit, "hearsay statements can be considered on a motion for summary judgment if they are capable of admission at trial." McKeever v. Twp. of Washington, 223 F.3d 220, 223 (3d Cir. 2002) (quoting Stelwagon Mgf. Co. v. Tarmac Roofing Sys., Inc., 63 F.3d 1267, 1275 n.17 (3d Cir. 1995)); Williams v. West Chester, 891 F.2d 458, 466 (3d Cir. 1989) ("[H]earsay evidence produced in an affidavit opposing summary judgment may be considered if the out-of-court declarant could later present that evidence through direct testimony, i.e. 'in a form that would be admissible at trial.'") (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)); see also Bouriez v. Carnegie Mellon Univ., No. Civ. A. 02-2104, 2005 WL 2106582, at *7 (W.D. Pa. Aug. 26, 2005); Robinson v. Hartzell Propeller Inc., 326 F. Supp. 2d 631, 645 (E.D. Pa. 2004). Thus, even if there were something objectionable about the plaintiff's own affidavit – which we do not perceive – we would nonetheless find it could properly be considered at the

summary judgment stage for purposes of determining if there existed disputed issues of material fact necessitating trial, since the plaintiff's statement could be replicated at trial.

Thus, in summary, we conclude that Carter has persuasively demonstrated that CRNP Cost's out-of-court statements to the effect that Carter's symptoms following consumption of the July 21, 2010 lunch meal were the result of food poisoning, and that prison officials had ordered the food preparation and service areas sanitized following widespread complaints, may be considered at summary judgment as non-hearsay statements of a party's agent, pursuant to Federal Rule of Evidence 801(d)(2)(D). We also find Defendant's arguments unavailing that these non-hearsay statements must be disregarded because they have been brought to the Court through Carter's own affidavit, offered in opposition to Defendant's summary judgment motion. To the contrary, we conclude that Carter's own affidavit is properly considered at this pre-trial stage of the litigation, and that it properly sets forth statements allegedly made by Defendant's agent, which Rule 801(d)(2)(D) provides do not constitute hearsay.

## IV. CONCLUSION

Having found that the foregoing evidence should have been considered when evaluating Defendant's motion for summary judgment, and finding further that the

evidence offered in opposition to Defendant's motion demonstrates that a dispute of material fact exists as to whether Carter suffered from food poisoning following his consumption of the lunch meal served at FCI Allenwood on July 21, 2010, we find it appropriate to vacate our entry of summary judgment in favor of Defendant and to reopen this litigation.

    An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGELO CARTER, | : | Civil No. 3:11-CV-1669 |
| Plaintiff | : | (Judge Kosik) |
| v. | : | |
| UNITED STATES OF AMERICA, | : | |
| Defendant. | : | |

## ORDER

AND NOW, THIS __19th__ DAY OF MARCH, 2013, IT IS HEREBY ORDERED THAT:

(1) The Plaintiff's Motion to Alter or Amend Judgment (Doc. 28) is **GRANTED**;

(2) This Court's Orders granting summary judgment in favor of the Defendant (Docs. 26 and 27) are **VACATED**;

(3) The Clerk of Court is directed to **REOPEN** this case; and,

(4) A non-jury trial will be scheduled forthwith.

Edwin M. Kosik
United States District Judge